# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 13, 2012

No. 11-50491
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAVIER DE JESUS URIBE-ALMARAZ, also known as Francisco Xavier-Javier, also known as Javier de Jesus Almaraz, also known as Javier Almaraz,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-191-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Javier de Jesus Uribe-Almaraz (Uribe) pleaded guilty to one count of illegal reentry following deportation and received a within-guidelines sentence of 48 months in prison. On appeal, he challenges the substantive reasonableness of his sentence, arguing that the district court failed to conduct an individualized assessment and failed to accord adequate weight to his personal circumstances.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50491

The Government moves for summary affirmance or, alternatively, for an extension of time to file an appellate brief. Uribe opposes summary affirmance.

We reject the Government's request for summary affirmance because we conclude that Uribe's substantive reasonableness challenge implicates a fact-specific analysis of his sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007); *Rita v. United States*, 551 U.S. 338, 354 (2007). As such, while some of his arguments are foreclosed by circuit precedent, his "totality of the circumstances" argument is not so frivolous or clearly foreclosed as to warrant summary affirmance. *See Gall*, 552 U.S. at 51(appellate review of the substantive reasonableness of a sentence "will . . . take into account the totality of the circumstances"); *see generally United States v. Davis*, 598 F.3d 10, 16 (2d Cir. 2010)("Strong deference to a district court's decision is not an invitation to rush to characterize an appeal from it as frivolous.")[1]

Because Uribe objected to the denial of his motion for a downward variance, which was based on an assertion that the guidelines sentence was greater than necessary to satisfy the 18 U.S.C. § 3553(a) factors, he has preserved his challenge to the substantive reasonableness of his sentence. *Cf. United States v. Peltier* 505 F.3d 389, 391-92 (5th Cir. 2007) (holding that a defendant's failure to object at sentencing to the reasonableness of his sentence triggers plain error review). The substantive reasonableness of a sentence is reviewed under an abuse-of-discretion standard. *Gall*, 552 U.S. at 51. Because Uribe's sentence is within the advisory guidelines range, it is presumptively reasonable. *See id.* (allowing courts of appeals to apply a presumption of reasonableness to a within-guidelines sentence); *United States v. Newson*, 515

---

[1] Nonetheless, because Uribe has filed a brief on the merits and fully responded to the arguments the Government made in its Motion for Summary Affirmance, we deem further briefing by the Government unnecessary and, therefore, deny its motion for extension of time to file a merits brief.

F.3d 374, 379 (5th Cir. 2008)("In this circuit, a within-guidelines sentence enjoys, on review, a rebuttable presumption of reasonableness.").

Uribe argues that the seriousness of his offense is overstated because U.S.S.G. § 2L1.2 lacks an empirical basis. He also argues that the age of his prior conviction results in an overstated guidelines range. We have consistently rejected these arguments. *See United States v. Rodriguez*, 660 F.3d 231, 233-34 (5th Cir. 2011); *United States v. Duarte*, 569 F.3d 528, 529-30 (5th Cir. 2009). Further, as he acknowledges, Uribe's argument that he deserved a lesser sentence based upon the disparity in fast track early disposition programs is foreclosed by *United States v. Gomez-Herrera*, 523 F.3d 554, 562-63 & n.4 (5th Cir. 2008).

Uribe argues that his guidelines range failed to take into account his personal history and circumstances. The sentencing transcript reveals that the district court carefully made an individualized sentencing decision based on the facts of the case in light of the factors set out in § 3553(a). *See Gall*, 552 U.S. at 49-50. The district court's conclusion that a within-guidelines sentence is appropriate is entitled to deference, and we presume that it is reasonable. *See id.* at 51-52; *Newson*, 515 F.3d at 379. Uribe has not shown that the district court committed a "clear error of judgment" in its weighing of the various sentencing factors, and he has not established that the district court's rejection of his arguments failed to account for a significant factor or gave weight to an irrelevant factor. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). The district court listened to Uribe's arguments for a lesser sentence but found that a sentence at the higher end of his guidelines range was appropriate. We see no reason to disturb the district court's discretionary decision to impose a sentence within the guidelines range as Uribe has not shown sufficient reason for this court to disturb the presumption of reasonableness applicable to his sentence. *See Cooks*, 589 F.3d at 186.

No. 11-50491

Accordingly, the judgment of the district court is AFFIRMED. The government's motion for summary affirmance is DENIED. The Government's alternative motion for an extension of time to file a brief is DENIED as unnecessary.