In re "AGENT ORANGE" PRODUCT LIABILITY LITIGATION.

Docket 86–6173.

United States Court of Appeals, Second Circuit.

Oct. 22, 1986.

Neil R. Peterson, Philadelphia, Pa. (Greitzer and Locks, Philadelphia, Pa., Thomas W. Henderson, Henderson & Goldberg, Pittsburgh, Pa., of counsel), for plaintiffs' Management Committee.

Kenneth R. Feinberg, Washington, D.C. (Kaye, Scholer, Fierman, Hays & Handler, Washington, D.C., of counsel), Special Master.

Before VAN GRAAFEILAND, WINTER, and MINER, Circuit Judges.

PER CURIAM:

On August 19, 1986, attorneys for the plaintiff class moved this panel, which has been designated to hear all further matters in this litigation, to stay implementation of the district court's scheme for distribution of the settlement award. We granted the stay on August 26, 1986. On October 1, 1986, at an oral argument regarding the validity and propriety of the distribution scheme, we were asked to lift that stay.[1]

---

1. This request was made by the Special Master who appeared before us to defend the distribu-

We decline to do so.

The appeals pending before this panel involve numerous complex issues arising out of this extraordinary litigation. Among those issues are a non-frivolous challenge to the validity of the settlement on grounds of inadequacy and improper certification of a plaintiff class. The merits of the distribution scheme are also now being challenged on appeal on non-frivolous grounds. Parties objecting to the settlement and the distribution scheme have a right to appellate review in this court. Distribution of the challenged settlement award before its validity has been tested would deprive those parties of that right. Moreover, a stay is particularly appropriate where the challenge to the distribution scheme involves a claim that some proposed recipients may not be entitled to an award because they were not injured by Agent Orange. Where the identity of those entitled to recover from the fund is in doubt, no claim of irreparable harm can be made.

We emphasize that our granting of a stay does not imply any view of the merits of any particular question, other than that the questions are non-frivolous.

tion scheme. We invited him to appear and to assume that role in light of the absence of a party adverse to those challenging the distribution scheme.