SEC v. Daspin

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of February, two thousand fourteen.

PRESENT:

José A. Cabranes,

Susan L. Carney,

Christopher F. Droney,

*Circuit Judges.*

_____

United States Securities and Exchange Commission,

*Plaintiff-Appellee*,

v.                                                                     13-4622

Edward M. Daspin, AKA Edward Michael,
AKA Ed Michael,

*Defendant-Appellant.*

_____

**FOR APPELLANT:**          Steven David Feldman, Herrick, Feinstein LLP, New York, NY.

**FOR APPELLEE:**           Dominick V. Freda, United States Securities and Exchange Commission, Washington, D.C.

Appeal from a December 5, 2013 order of the United States District Court for the Southern District of New York (Richard M. Berman, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Edward Daspin appeals from an order of the district court directing him to be deposed in compliance with an investigative subpoena issued by the United States Securities and Exchange Commission ("SEC"). Daspin has moved to stay his deposition pending the outcome of this appeal. The SEC has cross-moved for summary affirmance of the district court's order. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

I.      Daspin's Stay Motion

In deciding whether to grant a stay pending appeal, we consider: (1) whether the movant has demonstrated a "strong showing that he is likely to succeed on the merits"; (2) whether the movant will suffer irreparable injury absent a stay; (3) whether the non-moving party will suffer substantial injury if a stay is issued; and (4) the public interests that may be affected. *See In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007). The degree to which a factor must be present varies with the strength of the others; "more of one [factor] excuses less of the other." *Thapa v. Gonzales*, 460 F.3d 323, 334 (2d Cir. 2006) (citation and quotation marks omitted). The first two—likely success on the merits and irreparable injury—are the "most critical." *Nken v. Holder*, 129 S.Ct. 1749, 1761 (2009). We will uphold the district court's findings of fact in a ruling on a motion for a stay unless they are clearly erroneous; we review the lower court's legal conclusions *de novo*. *See* Fed. R. Civ. P. 52(a).

Daspin cannot show that he is likely to succeed on the merits of his appeal. Daspin contends that the district court abused its discretion when it declined to order further medical investigation and failed to heed his physician's affidavit regarding Daspin's medical condition. Federal Rule of Civil Procedure 26(c) allows a district court to control a deposition by means of a protective order. "The grant and nature of protection is singularly within the discretion of the district court and may be reversed only on a clear showing of abuse of discretion." *Gallela v. Onassis*, 487 F.2d 986, 997 (2d Cir. 1973).

Daspin fails to make that showing. His physician conceded that it might be possible to safeguard against risk to Daspin by making the modifications contained in the district court's order, and Daspin had previously agreed to be deposed under these conditions.

Nor may Daspin succeed on his claim that the SEC must compensate his physician. Both parties cite *F.T.C. v. Rockefeller*, 591 F.2d 182, 191 (2d Cir. 1979), which explained that a district court may, in its discretion, order the government to pay the costs of compliance with an administrative subpoena, but only if the costs are "not reasonably incident to the conduct of (a respondent's) business" (internal citation and quotation omitted). In other words, the government may be responsible if the respondent is not the target of the investigation, but rather, a "mere repositor[y] of information performing a service for the government in complying with the subpoenas." *Id.* Here, as the target of the investigation, Daspin is responsible for the costs of compliance, and the district court did not err in ruling that he must pay his physician's fee. Consequently, Daspin cannot show that he is likely to succeed on the merits, and this factor supports denying a stay.

3

Daspin also cannot show that he will be irreparably harmed absent a stay. Irreparable harm is defined as "certain and imminent harm for which a monetary award does not adequately compensate." *See Wisdom Imp. Sales Co. v. Labatt Brewing Co.*, 339 F.3d 101, 114 (2d Cir. 2003) (citations omitted). Irreparable harm exists "where, but for the grant of equitable relief, there is a substantial chance that upon final resolution of the action the parties cannot be returned to the positions they previously occupied." *Brenntag Int'l Chem., Inc. v. Bank of India,* 175 F.3d 245, 249-50 (2d Cir. 1999) (evaluating a preliminary injunction).

Requiring Daspin to pay his physician's fee does not qualify as irreparable harm, as it would be adequately compensated by a monetary award. To be sure, a serious health complication could qualify as irreparable harm. However, the harm must be truly imminent, and not "mere possible injury," or "remote and speculative" injury. *See Jackson Dairy, Inc. v. H. P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979). The safeguards ordered or considered by the district court are appropriate and reasonable.

Daspin also argues that, absent a stay, he would be compelled to testify, effectively mooting his appeal and causing irreparable harm by depriving him of his appellate rights. A stay may be used to preserve a possibly meritorious appeal. *See In re Agent Orange Product Liability Litig.*, 804 F.2d 19, 20 (2d Cir. 1986). However, Daspin's appeal is unlikely to succeed. Consequently, denying a stay would not deprive him of significant rights. Thus, this factor supports denying a stay.

Inasmuch as Daspin cannot show that he is likely to succeed on the merits and that he will be irreparably harmed absent a stay, the balance of factors weighs against granting a stay; we need not address the remaining factors. *See Nken*, 556 U.S. at 435.

4

II.    Motion for Summary Affirmance

Summary affirmance is "a rare exception to the completion of the appeal process . . . [and] is available only if an appeal is truly 'frivolous.'" *United States v. Davis*, 598 F.3d 10, 13 (2d Cir. 2010).  An appeal is frivolous if it presents an "indisputably meritless legal theory" or "factual contentions [that] are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  A case for which the outcome "seems obvious" is distinguishable from a frivolous case that is "inarguable or fanciful." *Davis*, 598 F.3d at 13-14.

The outcome of Daspin's appeal "seems obvious," but his arguments are not "fanciful."  Therefore, summary affirmance is inappropriate.

That said, because Daspin is not entitled to a stay pending appeal, and will therefore be compelled to testify, his appeal will soon be moot.  Moreover, we already have the information necessary to decide this appeal, and, in the interest of judicial economy, we may take this opportunity to dispose of the appeal on the merits.  We affirm the district court's order of December 5, 2013,  for the reasons described above.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

The Mandate shall issue forthwith.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5