Kent BAKER, Plaintiff–Appellant,

v.

URBAN OUTFITTERS, INC. and
Urban Outfitters Wholesale, Inc.,
Defendants–Appellees.

No. 06–2753–cv.

United States Court of Appeals,
Second Circuit.

Oct. 2, 2007.

Stephen A. Weingrad, Weingrad &
Weingrad, LLP, New York, NY, for Appellant.

Nancy Rubner Frandsen (Cheryl L.
Slipski, Arthur H. Seidel, on the brief),
Drinker, Biddle, & Reath, LLP, Philadelphia, PA, for Appellees.

PRESENT: Honorable JOSEPH M.
McLAUGHLIN, Honorable REENA
RAGGI, Circuit Judges, Honorable JED S.
RAKOFF, District Judge.[1]

---

1. The Honorable Jed S. Rakoff, of the United    States District Court for the Southern District

## SUMMARY ORDER

This case has its origin in defendants' unauthorized reproduction of a photograph taken by plaintiff, a professional photographer, which defendants then used as a disposable insert in plastic picture frames offered for sale in retail stores. The district court ordered dismissal of the action when, after partial summary judgment was awarded in favor of defendants limiting damages to $3,896, plaintiff failed to post a $450,000 bond ordered pursuant to Southern District Local Civil Rule 54.2. Thereafter, upon specific findings that plaintiff and his counsel had pursued frivolous arguments in bad faith, the court ordered them to pay costs, fees, and sanctions totalling $473,455.04. We assume the parties' familiarity with the facts and the record of contentious prior proceedings, which we reference only as necessary to explain our decision.

Preliminary to addressing the arguments advanced on this appeal, we note two concerns. First, plaintiff has not complied with the district court's order to post a $50,000 bond pursuant to Fed. R.App. P. 7.[2] While plaintiff opposes defendants' motion to dismiss this appeal for non-compliance with the bond order, he appears never to have moved in the district court or this court for reduction of the bond. Second, plaintiff's counsel has filed a brief that, once again, is "at best an invitation to the court to scour the record, research any legal theory that comes to mind, and serve generally as an advocate for appellant." *Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir.1999) (describing a brief filed by attorney Weingrad in a different case). Without minimizing these concerns, we need not here decide whether these failings, individually or together, warrant dismissal of the appeal. Upon careful review of the record, we conclude that the appeal fails on its merits.

Of the twenty-five issues that we identify in plaintiff's brief, only one warrants discussion: the timeliness of defendants' request for attorneys' fees as against plaintiff Baker. Pursuant to Federal Rule of Civil Procedure 54(d)(2)(B), "[u]nless otherwise provided by statute or order of the court," a motion for attorneys' fees "must be filed no later than 14 days after entry of judgment."[3] A court may not extend this filing period after the deadline has expired, although it may forgive a missed deadline resulting from "excusable neglect." *Tancredi v. Metropolitan Life Ins. Co.*, 378 F.3d 220, 226–27 (2d Cir.2004) (discussing Fed.R.Civ.P. 6(b)(2)).

Defendants first formally requested permission to move for attorneys' fees on March 7, 2005, more than fourteen days after the district court's order, entered on the docket on February 14, 2005, directing "that a Judgment of Dismissal shall be ENTERED in favor of defendants." Leave to move for fees was granted by order entered March 11, 2005, and defendants' motion was, in fact, filed with the court on April 25, 2005, and entered on the docket on April 28, 2005. If a judgment had been promptly entered pursuant to the court's February 14, 2005 dismissal order, defendants' fee motion, even if deemed to have been filed as of March 7, 2005, would have been untimely under Fed.R.Civ.P. 54(d)(2)(B). A review of the record, however, indicates that no judgment of dismissal, set forth in a separate document as required by Fed.R.Civ.P.

---

. of New York, sitting by designation.

**2.** Attorney Weingrad complied with the bond order as it applied to him, posting a $15,000 bond.

**3.** To the extent fees were ordered against counsel pursuant to 28 U.S.C. § 1927 or Fed. R.Civ.P. 11, no timeliness concerns arise. *See* Fed.R.Civ.P. 54(d)(2)(E) (creating exception from 54(d)(2)(B) deadline).

58(a), was entered until September 14, 2007.

Rule 58(b)(2) squarely addresses circumstances where clerical oversight delays the required entry of judgment in a separate document. In such circumstances, judgment is entered when the earlier of two events occurs: (A) the required separate document is finally filed or (B) "150 days have run from entry [of the relevant court order] in the civil docket under Rule 79(a)." Fed.R.Civ.P. 58(b)(2); *see also Joseph v. Leavitt,* 465 F.3d 87, 89–90 (2d Cir.2006). Applying the rule to this case, the judgment of dismissal was effectively entered on July 14, 2005, 150 days after the February 14, 2005 entry of the district court's dismissal order. Defendants' fee motion fell safely within this time period and, thus, was timely filed. Accordingly, we need not address plaintiff's challenge to the adequacy of the district court's findings of excusable neglect. *See Tancredi v. Metropolitan Life Ins. Co.,* 378 F.3d at 228.

On the myriad other issues raised by plaintiff, we affirm substantially for the reasons stated by the district court in the various orders challenged. Accordingly, defendants' motion to dismiss the appeal is DENIED, and the district court judgment of dismissal is AFFIRMED. We further AFFIRM the district court's orders directing Baker to pay defendants $388,424.54 in costs and fees pursuant to the Copyright Act, 17 U.S.C. § 505, and Weingrad to pay defendants $19,270 pursuant to Fed. R.Civ.P. 11 and $65,760.50 pursuant to 28 U.S.C. § 1927 and DENY the motion for a stay of enforcement of the judgment.