13-1592-cv
*Effie Film, LLC v. Murphy*


## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of May, two thousand fourteen.

PRESENT:
  JOSÉ A. CABRANES,
  GERARD E. LYNCH,
  RAYMOND J. LOHIER, JR.,
      *Circuit Judges.*

_____

EFFIE FILM, LLC,

  *Plaintiff-Appellee,*

  v.                                                          No. 13-1592-cv

GREGORY MURPHY,

  *Defendant-Appellant.*

_____

FOR PLAINTIFF-APPELLEE:        LINDA T. COBERLY (Andrew
                               C. Nichols, Christopher E.
                               Mills, Winston & Strawn LLP,
                               Washington DC, *on the brief*),
                               Winston & Strawn LLP,
                               Chicago, IL.

1

**FOR DEFENDANT-APPELLANT:**

ROBERT W. CLARIDA (Craig J. Albert, *on the brief*), Reitler, Kailas & Rosenblatt LLC, New York, NY.

Appeal from a March 22, 2013 decision of the United States District Court for the Southern District of New York (Thomas P. Griesa, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.[1]

Defendant-appellant Gregory Murphy ("Murphy") appeals a decision of the District Court granting a declaratory judgment for plaintiff-appellee Effie Film, LLC ("Effie Film"). Murphy is the author of a stage play and screenplay (together, "*The Countess*") both based upon the marriage of Effie Gray to John Ruskin, the well-known British art critic of the Victorian era. Effie Film is a company formed to produce a film based on a screenplay, "*Effie*," based upon the same historical events. According to Effie Film, Murphy has repeatedly and publicly claimed that the "*Effie*" screenplay infringes on his copyright in "*The Countess*." Accordingly, Effie Film filed the instant action on February 4, 2011, seeking a declaratory judgment that its screenplay did not infringe Murphy's copyright in *The Countess*. Effie Film subsequently moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), which the District Court granted in an amended opinion on March 22, 2013. We assume the parties' familiarity with the underlying facts and procedural history of the case.

On appeal, Murphy claims that the District Court erred by applying an incorrect legal standard for determining whether *Effie* was "substantially similar" to *The Countess* for purposes of copyright law. He also claims that because of the District Court's incorrect application of the standard, it erred in its conclusion that *Effie* did not infringe Murphy's copyright.

We review a judgment on the pleadings *de novo*, "apply[ing] the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the

---

[1] The Confidential Joint Appendix in this case was filed under seal.  All parties have indicated by letter their agreement to unsealing these materials, and the parties are hereby directed to file the materials appearing in the Confidential Joint Appendix electronically on the docket within 14 days.

complaint as true and construing all reasonable inferences in favor of the nonmoving party." *King v. Am. Airlines, Inc.*, 284 F.3d 352, 356 (2d Cir. 2002).

Copyright infringement occurs where a plaintiff owns a valid copyright and another person copies its "constituent elements." *Williams v. Crichton*, 84 F.3d 581, 587 (2d Cir. 1996). "In the absence of direct evidence, copying is proven by showing (a) that the defendant had access to the copyrighted work and (b) the substantial similarity of protectable material in the two works." *Id.* (internal quotation marks omitted). The relevant inquiry is whether, "in the eyes of the average lay observer, [*Effie* is] substantially similar to the protectible expression in [*The Countess*]." *Id.*

"The standard test for substantial similarity between two items is whether an ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard [the] aesthetic appeal as the same." *Yurman Design, Inc. v. PAJ, Inc.,* 262 F.3d 101, 111 (2d Cir. 2001) (alteration in original; internal quotation marks omitted). However, "a more refined analysis is required where [the allegedly copied] work is not wholly original, but rather incorporates elements from the public domain" and we must look for "substantial similarity between those elements, and only those elements, that provide copyrightability to the allegedly infringed [work]." *Boisson v. Banian*, 273 F.3d 262, 272 (2d Cir. 2001) (internal quotation marks omitted). We have called this test the "more discerning" test, and in applying it, we have cautioned courts "not to dissect the works at issue into separate components and compare only the copyrightable elements," but rather to be "guided by comparing the total concept and feel of the contested works." *Id.* (internal quotation marks omitted).

More specifically, we must "examine the similarities in such aspects as the total concept and feel, theme, characters, plot, sequence, pace, and setting of the" works, while "tak[ing] care to inquire only whether the *protectible elements, standing alone,* are substantially similar." *Williams*, 84 F.3d at 588 (internal quotation marks omitted). We have also explained that "the total-concept-and-feel locution functions as a reminder that, while the infringement analysis must *begin* by dissecting the copyrighted work into its component parts in order to clarify precisely what is not original, infringement analysis is not *simply* a matter of ascertaining similarity between components viewed in isolation." *Tufenkian Import/Export Ventures, Inc. v. Einstein Moomjy, Inc.,* 338 F.3d 127, 134 (2d Cir. 2003). Rather, we must also look to how public domain components are selected, coordinated, excerpted, modified, and

3

arranged. *Id.*; *see also Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 67 (2d Cir. 2010).

In evaluating substantial similarity, we note that "scenes a faire," or "scenes that necessarily result from the choice of a setting or situation" are not protectible, which is particularly important in works rooted in a particular historical age and place. *See Walker v. Time Life Films, Inc.*, 784 F.2d 44, 50 (2d Cir. 1986) (noting that "[e]lements such as drunks, prostitutes, vermin and derelict cars would appear in any realistic work about the work of policemen in the South Bronx" and are therefore not protectable). Additionally, we noted in *Walker* that "copyright protection [does not] extend to copyright or 'stock' themes commonly linked to a particular genre." *Id.* ("Foot chases and the morale problems of policemen, not to mention the familiar figure of the Irish cop, are venerable and often-recurring themes of police fiction. As such, they are not copyrightable except to the extent they are given unique—and therefore protectible—expression in an original creation.").

Finally, we emphasize the particular guidance our Court has provided for evaluating the similarity of works in the genres of history or historical fiction. We are especially mindful that, "[t]o avoid a chilling effect on authors who contemplate tackling an historical issue or event, broad latitude must be granted to subsequent authors who make use of historical subject matter, including theories or plots." *Hoehling v. Universal City Studios, Inc.*, 618 F.2d 972, 978 (2d Cir. 1980) (internal quotation marks omitted). This special solicitude stems from the "public benefit in encouraging the development of historical and biographical works and their public distribution." *Id.*

Murphy argues that the District Court's analysis focused exclusively on the similarity of the "total concept and feel" of the works, to the exclusion of other relevant factors. Upon a *de novo* review, we conclude that the District Court did not err in its substantial-similarity analysis. The District Court appropriately considered all of the relevant factors, including but not limited to setting, pace, plot development and focus, characters, and "total concept and overall feel." While the District Court did acknowledge, and Murphy points to, certain similarities between the works that are not based on historical fact—in other words, protectable components—we conclude that these similarities are either "trivial, scattered details" or are not sufficiently similar to cause "a lay observer [to] consider the works as a whole [to be] substantially similar to one another." *Williams*, 84 F.3d at 590. We thus affirm, substantially for the reasons articulated by the District Court in its thorough opinion.

4

## CONCLUSION

We have considered all of Murphy's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk