14-3367-cv; 15-1573
Effie Film, LLC v. Murphy

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of October, two thousand fifteen.

PRESENT:  DENNIS JACOBS,
          RAYMOND J. LOHIER, JR.,
                    **Circuit Judges**,
          GEOFFREY W. CRAWFORD,*
                    **District Judge**.

- - - - - - - - - - - - - - - - - - - -X
**EFFIE FILM, LLC,**
          **Plaintiff-Appellee,**

          -v.-                          **14-3367-cv; 15-1573-cv**

**GREGORY MURPHY,**
          **Defendant-Appellant.**
- - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**              Gregory Murphy, pro se, New
                                York, N.Y.

---

*       Judge Geoffrey W. Crawford, of the United States District Court for the District of Vermont, sitting by designation.

**FOR APPELLEE:**                    Andrew C. Nichols and
                                    Christopher E. Mills, Winston &
                                    Strawn LLP, Washington, D.C.,
                                    Linda T. Coberly, Winston &
                                    Strawn LLP, Chicago, IL.

Appeal from an order of the United States District Court for the Southern District of New York (Griesa, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Appellee's motion to dismiss be **DENIED** and the order of the district court awarding attorney's fees be **REVERSED**.  The appeal from the imposition of an appeal bond, docketed under 15-1573, is **DISMISSED** as moot.

Gregory Murphy, pro se, appeals from the order of the United States District Court for the Southern District of New York (Griesa, J.), awarding costs and attorney's fees in the amount of $499,068.70 to plaintiff Effie Film, LLC ("Effie Film").  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

This appeal arises out of a copyright dispute between Murphy, the author of a stage play and a screenplay (both titled *The Countess*), and Effie Film, which produced the film *Effie Gray* based on the screenplay *Effie*.  *The Countess* and *Effie* are both fictionalized accounts about the marriage of Effie Gray to art critic John Ruskin, which led to a famous Victorian scandal.  Effie Film sued Murphy for a declaratory judgment that *Effie* did not infringe on *The Countess*.  In its opinion on the merits, the district court granted judgment in favor of Effie Film on the ground that the protectable elements of *The Countess* were not substantially similar to *Effie*.  Effie Film, LLC v. Murphy ("Effie I"), 932 F. Supp. 2d 538, 560 (S.D.N.Y. 2013).[1]  We affirmed.  Effie Film, LLC v. Murphy ("Effie II"), 564 F. App'x 631 (2d Cir. 2014) (summary order).

---

[1]     The film *Effie Gray* had not yet been released at the time of the district court's decision.  The court held that the film would not be infringing if it adhered to the non-infringing version of the screenplay *Effie*.  Effie I, 932 F. Supp. 2d at 560.

2

The district court then awarded costs and attorney's fees to Effie Film in the amount of $499,068.70.  Under the Copyright Act, a court "in its discretion may allow the recovery of full costs" and "may also award a reasonable attorney's fee to the prevailing party as part of the costs."  17 U.S.C. § 505.  "When determining whether to award attorneys fees, district courts may consider such factors as (1) the frivolousness of the non-prevailing party's claims or defenses; (2) the party's motivation; (3) whether the claims or defenses were objectively unreasonable; and (4) compensation and deterrence."  Bryant v. Media Right Prods., Inc., 603 F.3d 135, 144 (2d Cir. 2010).  "The third factor—objective unreasonableness—should be given substantial weight."  Id.  We review an award of attorney's fees under § 505 for abuse of discretion but the fees must be "reasonable in terms of the circumstances of the particular case."  Matthew Bender & Co. v. W. Pub. Co., 240 F.3d 116, 121 (2d Cir. 2001) (internal quotation marks omitted).

**1.**  The district court ruled that the "objective unreasonableness" standard was "easily satisfied" based on our "summary affirmance" in Effie II, which concluded that Murphy's arguments were "without merit."  J.A. 15.  The district court cited no other factors to support the award of almost half a million dollars against a litigant, who was (by that stage of the litigation) pro se, other than to state that the award was "consistent with the goals of the Copyright Act because it will help deter future objectively unreasonable lawsuits."  Id.

As an initial matter, our summary order was not a "summary affirmance."  Summary affirmance is a rarely used "short-cut" that is available only when an appeal is "truly frivolous."  United States v. Davis, 598 F.3d 10, 13 (2d Cir. 2010) (internal quotation marks omitted).  The distinction between summary affirmance and a summary order is critical, because while the former may be an adequate basis for awarding attorney's fees, the latter, without more, is not.  Our summary order did not conclude that Murphy's claims were truly frivolous; rather, we simply affirmed Ellie I after determining that Murphy's appellate arguments were without merit.  Because the district court based its decision solely on its mischaracterization of Ellie II as holding Murphy's arguments were objectively unreasonable, we conclude that the district court abused its discretion in granting attorney's fees to Effie Film.  We

3

discern no other basis in this record for an award of attorney's fees to Effie Film under 17 U.S.C. § 505.

**2.**  Effie Film also moved to dismiss this appeal due to Murphy's failure to post an appeal bond.  That motion is denied in light of our strong preference for resolving disputes on the merits.  <u>See</u> <u>Enron Oil Corp. v. Diakuhara</u>, 10 F.3d 90, 95 (2d Cir. 1993); <u>see also</u> <u>Baker v. Urban Outfitters, Inc.</u>, 249 F. App'x 845, 846 (2d Cir. 2007) (summary order) (deciding appeal on the merits without reaching failure to comply with appeal bond).

For the foregoing reasons, we hereby **REVERSE** the order of the district court awarding attorney's fees, **DENY** Appellee's motion to dismiss, and **DISMISS** the appeal of the imposition of an appeal bond, docketed under 15-1573, as moot.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4