Li v. Sessions

BIA
Sichel, IJ
A200 929 061

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of September, two thousand seventeen.

PRESENT:
 RICHARD C. WESLEY,
 PETER W. HALL,
 DENNY CHIN,
  *Circuit Judges.*
_____

XIAODUN LI,
  *Petitioner,*

 v.                                         16-2100
                                            NAC
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
  *Respondent.*
_____

FOR PETITIONER:      Mike P. Gao, Flushing, NY.

FOR RESPONDENT:      Chad A. Readler, Acting Assistant
                     Attorney General; Stephen J. Flynn,
                     Assistant Director; Imran R. Zaidi
                     and Arthur L. Rabin, Trial
                     Attorneys, Office of Immigration
                     Litigation, United States
                     Department of Justice, Washington,
                     DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xiaodun Li, a native and citizen of the People's Republic of China, seeks review of a June 1, 2016, decision of the BIA affirming a December 8, 2015, decision of an Immigration Judge ("IJ") denying Li's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiaodun Li,* No. A200 929 061 (B.I.A. June 1, 2016), *aff'g* No. A200 929 061 (Immig. Ct. N.Y. City Dec. 8, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

In lieu of filing a brief, the Government moves for summary denial of Li's petition for review. Summary denial is warranted only if a petition is frivolous. *Pillay v. INS*, 45 F.3d 14, 17 (2d Cir. 1995); *United States v. Davis*, 598 F.3d 10, 13-14 (2d Cir. 2010). We decline to address whether this petition is frivolous. Li has filed his merits brief, thus we treat the Government's motion as a response to that brief. For the following reasons, we deny the petition.

We have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland*

*Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Under the REAL ID Act of 2005, the agency may, in light of "the totality of the circumstances," base an adverse credibility determination on inconsistencies in an applicant's statements "without regard to whether" those inconsistencies "go[] to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). In conducting "substantial evidence" review, "we defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

The adverse credibility determination is sound. At the merits hearing, the Government attorney asked Li if he had ever applied to the immigration service for permission to return to China. Li answered no. The Government attorney then showed Li a travel authorization application, which Li confirmed he submitted in September 2013, seeking permission to spend 40 days in China and then return to the United States.

Li tried to explain his false denial: the application was not granted, and he surmised that it was lost because the associated fee was never deducted from his bank account. The IJ was not obligated to credit these explanations, particularly given that the Government attorney had asked whether Li had sought--not received--permission to return to China. *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (explaining that the agency is not required to credit an explanation that is merely plausible or possible).

Nor was the IJ obligated to credit Li's alternative explanation that his filial duty to his father overcame his fear of returning to China. As the IJ observed, Li's attempt to return to China undercut his professed subjective fear of persecution. In that respect, Li's inconsistent testimony went to the heart of his claim. 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that a single inconsistency "concerning the nature of [the applicant's] mistreatment . . . afforded substantial evidence to support the adverse credibility finding").

Li's false statement supports the agency's adverse credibility determination. *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single false document or a single

4

instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence."). Li's asylum, withholding of removal, and CAT claims were all based on the same factual predicate, and so the credibility determination was dispositive as to all three forms of relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED, and the Government's motion for summary denial is DENIED as moot. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk