17-3630
Ponnampalam v. Barr

BIA
Christensen, IJ
A099 759 295

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of May, two thousand nineteen.

PRESENT:
        JOSÉ A. CABRANES,
        RICHARD C. WESLEY,
        SUSAN L. CARNEY,
            *Circuit Judges.*

_____

BALASUBRAMANIYA PONNAMPALAM,
        *Petitioner,*

        v.                                      17-3630
                                                NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Visuvanathan Rudrakumaran, New
                         York, NY.

FOR RESPONDENT:          Briena L. Strippoli, Senior
                         Litigation Counsel (Chad A.
                         Readler, Acting Assistant Attorney
                         General; Kiley Kane, Senior
                         Litigation Counsel, *on the brief*),
                         Office of Immigration Litigation,
                         United States Department of

Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Balasubramaniya Ponnampalam, a native and citizen of Sri Lanka, seeks review of an October 6, 2017 decision of the BIA affirming a September 9, 2016 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Balasubramaniya Ponnampalam,* No. A099 759 295 (B.I.A. Oct. 6, 2017), *aff'g* No. A099 759 295 (Immig. Ct. N.Y. City Sept. 9, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Although we have the "inherent authority . . . to dismiss an appeal or petition for review as frivolous when the appeal or petition presents no arguably meritorious issue for our consideration," *Pillay v. INS*, 45 F.3d 14, 17 (2d Cir. 1995) (per curiam), summary denial is "a rare exception to the completion of the appeal process . . . [and] is available only if an appeal is truly frivolous," *United States v. Davis*,

598 F.3d 10, 13 (2d Cir. 2010) (quotation marks omitted). Given conditions in Sri Lanka, Ponnampalam's petition is not frivolous and we deny the Government's motion for summary denial. However, because Ponnampalam has filed a brief and responded to the Government's motion for summary denial and does not have a meritorious challenge to the agency's decisions, we construe the Government's motion as its brief and deny Ponnampalam's petition on the merits.

In this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

Adverse Credibility Determination

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . without

3

regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008) (per curiam). Substantial evidence supports the agency's determination that Ponnampalam was not credible as to his claim that the Sri Lankan army had detained and tortured him as a Tamil and suspected collaborator with the Liberation Tigers of Tamil Eelam ("LTTE") and that the LTTE had attempted to extort him.

The agency reasonably relied in part on Ponnampalam's demeanor, noting that his testimony was vague and confusing and became inconsistent when asked to provide more details. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005) (recognizing that particular deference is given to the trier of fact's assessment of demeanor); *Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir. 2003) ("Where an applicant gives very spare testimony, . . . the IJ . . . may fairly wonder whether the testimony is fabricated . . . [and] may wish to probe for incidental details . . . ."), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir. 2007). The

4

demeanor finding is supported by the record, which reflects that Ponnampalam testified vaguely and evasively about who had secured his release from detention in 1996, and, when pressed for details, repeatedly provided inconsistent answers. *See Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006)("We can be still more confident in our review of observations about an applicant's demeanor where . . . they are supported by specific examples of inconsistent testimony.") Ponnampalam's testimony was also vague, confusing, and inconsistent regarding how many times and for how long he was detained when he traveled from LTTE-controlled territory to Colombo in 2000. *See id.*

The agency reasonably relied on multiple other inconsistencies regarding when and how many times LTTE stole Ponnampalam's tractor, whether he wrote to his village chief to obtain evidence corroborating his identity, and when LTTE last demanded money from him. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). He did not compellingly explain his inconsistent statements. *See Majidi*, 430 F.3d at 80 ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled*

5

to credit his testimony." (quotation marks omitted)).

Finally, the agency did not err in considering, as part of "the totality of the circumstances," that the Canadian Immigration and Refugee Board had previously concluded that Ponnampalam's asylum claim was not credible. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

Given Ponnampalam's demeanor and inconsistent evidence, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). That determination was dispositive of asylum, withholding of removal, and CAT relief insofar as those forms of relief were based on Ponnampalam's individualized claims. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

Pattern or Practice Claims

An adverse credibility determination does not doom an application for relief if the claim has a factual predicate that is not tainted by the adverse credibility determination and turns on objective evidence. *See id.* An applicant may still qualify for asylum by proving "that there is a pattern or practice in his or her country . . . of persecution of a group of persons similarly situated to the applicant on account of race, religion, nationality, membership in a

6

particular social group, or political opinion." 8 C.F.R.

§ 1208.13(b)(2)(iii)(A). To do this, an alien must

demonstrate that the harm to the group is "so systemic or

pervasive as to amount to a pattern or practice of

persecution." *Mufied v. Mukasey*, 508 F.3d 88, 92 (2d Cir.

2007) (quoting *In re A-M-*, 23 I. & N. Dec. 737, 741 (BIA

2005)).

As an initial matter, on remand for consideration of

Ponnampalam's pattern or practice claims, the agency was not

required to reevaluate Ponnampalam's credibility because he

had not provided any new subjective evidence or asked for

reconsideration. As to Ponnampalam's pattern or practice

claims, the IJ provided a thorough and accurate review of the

evidence related to Ponnampalam's alleged fear as a Tamil and

failed asylum seeker, as well as an evaluation of the

interplay between those two claims. Based on the evidence

of the significant number of Tamils living in Sri Lanka, the

considerably improved conditions for Tamils, and the lack of

evidence of recent torture of failed asylum seekers, the

agency did not err in concluding that Ponnampalam did not

establish systemic or pervasive persecution of similarly

situated individuals sufficient to demonstrate a pattern or

practice of persecution of similarly situated individuals in Sri Lanka. *See* 8 C.F.R. § 1208.13(b)(2)(iii); *see also Santoso v. Holder*, 580 F.3d 110, 112 & n.1 (2d Cir. 2009) (denying petition where agency considered background materials and rejected pattern or practice claim); *In re A-M-*, 23 I. & N. Dec. at 741.

Because Ponnampalam was found not credible as to his individualized claimed fear of persecution, contrary to his contention, the Ninth Circuit's "disfavored group" analysis in *Sael v. Ashcroft*, 386 F.3d 922 (9th Cir. 2004), would not apply even if we were to adopt it, which we decline to do.

Accordingly, the agency reasonably found that Ponnampalam failed to demonstrate a well-founded fear of persecution on account of his Tamil ethnicity, perceived LTTE support, and status as a failed asylum seeker, and did not err in denying asylum, withholding of removal, and CAT relief. *See Paul*, 444 F.3d at 156-57.

For the foregoing reasons, Ponnampalam's motion to file a late opposition is GRANTED, the Government's motion for summary denial is DENIED, but is CONSTRUED as the Government's brief, the petition for review is DENIED, and the pending motion for a stay of removal is DISMISSED as moot. Any

8

pending request for oral argument in this petition is DENIED

in accordance with Federal Rule of Appellate Procedure

34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court