**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4212**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTONIO DEMYROUS HODGES, a/k/a Tone,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Fox, Senior District Judge.  (CR-04-60)

———————

Submitted:  May 24, 2006              Decided:  July 19, 2006

———————

Before WILKINSON, NIEMEYER, and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

W. James Payne, POWELL & PAYNE, Shallotte, North Carolina, for Appellant.  Frank DeArmon Whitney, United States Attorney, Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Antonio Demyrous Hodges appeals his convictions and aggregate 150-month sentence pursuant to his guilty plea to conspiracy to possess with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. § 846 (2000); possession with intent to distribute more than 200 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000); possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000); and possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000).  Finding no error, we affirm.

First, Hodges objected to an upward adjustment to his base offense level for committing the offenses after having been convicted of a crime of violence, pursuant to U.S.S.G. § 2K1.2(a)(4)(A).  Our review is for harmless error.  See United States v. Rodriguez, 433 F.3d 411, 415-16 (4th Cir. 2006).  After reviewing the record, we conclude the district court did not err in enhancing Hodges's sentence based on his prior conviction.  See Shepherd v. United States, 544 U.S. 13, ___, 125 S. Ct. 1254, 1262 (2005); Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).

Next, Hodges argues that the district court erred in applying enhancements based on Hodges's possession of the firearm in connection with another crime, and for reckless endangerment during flight, even though the facts underlying these enhancements were not alleged in the indictment or found by a jury.  The

district court did not err because Hodges explicitly admitted the factual basis for these enhancements by stating at sentencing that "[t]here's no contest to the factual nature" of the enhancements. See United States v. Revels,___ F.3d ___, ___ (4th Cir. May 1, 2006) (slip op. at 4) (discussing what constitutes an admission under United States v. Booker, 543 U.S. 220 (2005)).

Finally, pursuant to Anders v. California, 386 U.S. 738 (1967), counsel for Hodges presents the issue of whether the Government breached a plea agreement. Hodges has filed a pro se informal brief, which we have also considered. The record reveals that there was no plea agreement in this case, and therefore no breach by the Government.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Hodges's convictions and sentence. However, we deny the Government's motion for summary affirmance as such motions are appropriate in "extraordinary cases only." See 4th Cir. R. 27(f). This court requires that counsel inform Hodges, in writing, of the right to petition the Supreme Court of the United States for further review. If Hodges requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hodges.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED