**UNITED STATES of America,**
**Appellee,**

v.

**Fernando VALDEZ, Defendant–**
**Appellant.**

No. 07–0293–cr.

United States Court of Appeals,
Second Circuit.

May 14, 2008.

David A. Lewis, Federal Defenders of New York, Inc., New York, NY, for Appellant.

Arlo Devlin–Brown, Assistant United States Attorney, for Michael J. Garcia,

United States Attorney for the Southern District of New York, for Appellee.

Present: JOSEPH M. McLAUGHLIN, ROSEMARY S. POOLER, Circuit Judges, DENISE COTE,* District Judge.

Fernando Valdez appeals from a judgment of the United States District Court for the Southern District of New York (Sprizzo, *J.*), entered on January 17, 2007, convicting him of violation of 8 U.S.C. § 1326(a) and (b)(2) (reentry of removed alien without Attorney General's consent; removal was subsequent to a conviction for commission of an aggravated felony) and sentencing him principally to 46 months' imprisonment and 3 years' supervised release. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

In the post-*Booker* era, see *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), there is no "presumption, rebuttable or otherwise, that a Guidelines sentence is reasonable." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir.2006). While a court of appeals "may, but is not required to, apply a presumption of reasonableness," *Gall v. United States*, —— U.S. ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007), a district court "may not presume that the Guidelines range is reasonable," *id.* at 596–97. *See also Rita v. United States*, —— U.S. ——, 127 S.Ct. 2456, 2465, 168 L.Ed.2d 203 (2007).

A district court may vary from a Guidelines range for a number of reasons that fall short of a determination that the Guidelines range is unreasonable. The district court may decline to apply a Guidelines sentence because the district judge decides that a case falls "outside the 'heartland' to which the Commission intends individual Guidelines to apply ... [or that] the Guidelines sentence itself fails properly to reflect § 3553(a) considerations, or [that] the case warrants a different sentence regardless." *Rita*, 127 S.Ct. at 2465. *See also Kimbrough v. United States*, —— U.S. ——, 128 S.Ct. 558, 570, 574–75, 169 L.Ed.2d 481 (2007).

Here, the district court stated at the sentencing hearing: "[U]nless I find something in 3553 which justifies me not accepting what Congress has deemed to be an appropriate punishment for this offense, I really don't have any discretion I don't think." Moreover, from its other remarks and questions during the hearing, we infer that the district court believed that it would have to find that a sentence within the Guidelines range was unreasonable before it could impose a non-Guidelines sentence. We conclude that the district court misapprehended its authority to impose a non-Guidelines sentence. This was procedural error, *Gall*, 128 S.Ct. at 597, and we therefore vacate the judgment and remand for resentencing.

Appellant argues that the sentence was substantively unreasonable because the district court, in considering Valdez's "history and characteristics," 18 U.S.C. § 3553(a)(1), did not give adequate weight to his close family ties or family responsibilities, or appropriately evaluate his criminal record. We express no view regarding the substantive reasonableness of Valdez's sentence.

For the foregoing reasons, we vacate the sentence and remand for resentencing consistent with this opinion. Jurisdiction may be restored to this court by letter to the Clerk's Office from any party, in which

* The Honorable Denise Cote, United States District Judge for the Southern District of New York, sitting by designation.

event the renewed appeal will be assigned to this panel for disposition. *See United States v. Jacobson,* 15 F.3d 19, 21–22 (2d Cir.1994).