08-3240-cr
USA v. Davis

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2008

(Submitted: March 10, 2009          Decided: March 10, 2009
          Opinion filed: March 15, 2010)

Docket No. 08-3240-cr

---------------------------------------

UNITED STATES OF AMERICA,

Appellee,

- v. -

CHARLES A. DAVIS,

Defendant-Appellant.

---------------------------------------

Before:   WINTER and SACK, Circuit Judges, and COGAN, District Judge.[*]

Motion for summary affirmance of a sentence imposed on defendant Charles Davis by the United States District Court for the Northern District of New York (Norman A. Mordue, Chief Judge). We have concluded that Davis's appeal of his sentence is not frivolous and therefore denied the motion. We now explain the reasons for our conclusion.

> PAUL D. SILVER, Assistant United States Attorney, for Andrew T. Baxter, Acting United States Attorney, Albany, NY, for Appellee.

---

[*] The Honorable Brian M. Cogan, of the United States District Court for the Eastern District of New York, sitting by designation.

JAMES F. GREENWALD, Assistant Federal Public Defender, for Alexander Bunin, Federal Public Defender, (James P. Egan, Research & Writing Attorney, of counsel), Syracuse, NY, for Defendant-Appellant.

SACK, Circuit Judge:

This is a motion for summary affirmance of a sentence before the appeal of the sentence has been fully briefed. After pleading guilty to the receipt and possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) & (a)(5)(B), respectively, the defendant, Charles A. Davis, was sentenced by the United States District Court for the Northern District of New York (Norman A. Mordue, Chief Judge) to 97 months' imprisonment, followed by a 12-year term of supervised release. Davis appealed the sentence on the grounds that it was procedurally and substantively unreasonable. Instead of filing an opposition brief, the government moved for summary affirmance, arguing that Davis failed to raise any non-frivolous issues on appeal.

The government's motion was briefed and submitted to the Court without argument on March 10, 2009. On that date, we denied the motion with opinion to follow. This is that opinion.

**BACKGROUND**

On February 8, 2008, Davis pleaded guilty to both counts of a two-count indictment charging him with receipt and possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) & (a)(5)(B). The mandatory minimum sentence

2

for these offenses was 60 months' imprisonment.  See id.
§ 2252A(b)(1)-(2).  The Probation Department calculated the
Sentencing Guidelines range to be 97 to 121 months' imprisonment,
and neither party disputes that calculation.  See Def.'s
Sentencing Mem. at 2.

In his sentencing memorandum to the district court,
Davis argued that he should be sentenced to the mandatory minimum
of 60 months.  He emphasized that he had never acted
inappropriately with any child, or traded or distributed
pornographic materials.  He also pointed out that he was 57 years
old and suffered from multiple severe medical problems, including
mental health issues.  The government requested a sentence within
the Guidelines range of 97 to 121 months.

At sentencing on June 20, 2008, defense counsel again
urged the district court to sentence Davis to the mandatory
minimum.  Counsel stressed Davis's age and poor health.  The
government countered that a sentence within the Guidelines range
would be reasonable and that "to deviate to the mandatory minimum
would be a large deviation and there's no reason in this case for
such a deviation."  Tr. 4.[1]

The district court agreed with the government.  The
court explained:  "Having reviewed the case, I see no reason to
deviate from the ranges that are set forth in the Sentencing

---

[1]  All citations to "Tr." refer to the transcript of Davis's
June 20, 2008 sentencing proceedings.

3

Guidelines." Tr. 4. The court indicated that it would impose a sentence at the bottom of the Guidelines range.

Davis was then given the opportunity to address the court. Davis said that there were "mitigating circumstances" that he had not had the opportunity to present to the probation officer, Tr. 6, although some of those circumstances appear to have been reflected in psychiatric records that were summarized to the district court in an addendum to the Pre-Sentence Report prepared by the Probation Office, see Tr. 8-9; Addendum to Pre-Sentence Report. Davis told the court that he felt "like [he was] being shoved through the system." Tr. 7. The court asked Davis if he wanted an adjournment. Davis declined to make that decision, asking the court to make the decision for him. The court decided to proceed with the sentencing.

The court sentenced Davis to 97 months' imprisonment, at the bottom of the Guidelines range, to be followed by a term of 12 years' supervised release. Davis immediately indicated that he wished to appeal his sentence, which the court assured him he would have the opportunity to do. Davis said that he had not hurt anybody and once again mentioned his health problems.

The judgment against Davis was entered on June 26, 2008. Davis filed a notice of appeal the same day. Through counsel, he makes two arguments on appeal.

First, he contends that his sentence is procedurally unreasonable because the district court wrongly treated the Sentencing Guidelines as presumptively reasonable. See Nelson v.

4

United States, 129 S. Ct. 890, 892 (2009) (per curiam) ("The Guidelines are not only not mandatory on sentencing courts; they are also not to be presumed reasonable.") (emphasis in original). Davis finds factual support for this argument in the district court's statement that it would impose a Guidelines sentence because it saw "no reason" to depart from the Guidelines range.

Second, Davis asserts that his sentence is substantively unreasonable. He argues that in light of his age and poor health, a sentence of 97 months' imprisonment is effectively a life sentence, which is greater than necessary to satisfy the goals of just punishment. Cf. United States v. Johnson, 567 F.3d 40, 51 (2d Cir. 2009) (review of sentence for substantive reasonableness "requires an examination of the length of the sentence"); 18 U.S.C. § 3553(a) ("The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection."); id. § 3553(a)(2)(A) (listing purposes of sentence, including "to provide just punishment for the offense"). Davis also argues that the district court failed to consider "the nature and circumstances of the offense and the history and characteristics of the defendant," as it was required to do. Id. § 3553(a)(1). In arguing that his sentence is substantively unreasonable, Davis stresses, as he did before the district court, that he neither distributed nor traded child pornography.

5

The government moves for summary affirmance of the district court's sentence. The motion was filed in lieu of an opposition brief in the underlying appeal.[2]

The government argues that summary affirmance is warranted because Davis has failed to raise any non-frivolous issues on appeal. It contends that nothing in the record supports Davis's assertion that the district court presumed that the Sentencing Guidelines were reasonable, and that the argument of procedural unreasonableness is therefore frivolous. The government further argues that nothing in the record supports Davis's assertion that his sentence is substantively unreasonable because the district court indicated that it had considered all of the factors outlined in 18 U.S.C. § 3553(a) and all of the parties' arguments. The government also relies on the fact that the Sentencing Guidelines generally do not call for a downward departure because of age and medical conditions, and that the calculation of the Guidelines range by the Probation Department did take into account the fact that Davis did not traffic in or distribute child pornography.

**DISCUSSION**

I. Motions for Summary Affirmance

---

[2] In its motion, the government requested the opportunity to submit an opposition brief in the underlying appeal should the motion be denied. Because the motion was denied on March 10, 2009, and the underlying appeal remains pending, the government will be given the opportunity to submit an opposition brief.

Summary affirmance of a district court's decision in place of full merits briefing and, at the discretion of the court, argument is, and should be treated as, a rare exception to the completion of the appeal process.  It is a short-cut and, in light of the liberty and property rights involved, one that is available only if an appeal is truly "frivolous."  United States v. James, 280 F.3d 206, 209 (2d Cir. 2002); see also United States v. Torres, 129 F.3d 710, 717 (2d Cir. 1997) (summary affirmance warranted where defendant "presents no non-frivolous issues for appeal").  The unique importance of criminal appeals makes the decision to characterize one as frivolous particularly perilous.  Cf. United States v. Rosa, 123 F.3d 94, 98 (2d Cir. 1997) ("[W]e have held that the right to appeal serves important interests of both the criminal defendant and of the public at large, so that waivers of that right must be closely scrutinized and applied narrowly.").

"An appeal is frivolous when it 'lacks an arguable basis either in law or in fact.'  A frivolous action advances 'inarguable legal conclusions' or 'fanciful factual allegations.'"  Tafari v. Hues, 473 F.3d 440, 442 (2d Cir. 2007) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)) (internal citations and alterations omitted).[3]  More than a finding that

---

[3]  We have suggested, at least implicitly, that the term "frivolous" has the same meaning whether it arises in the context of a motion to dismiss an appeal (or summarily affirm a district court's judgment), or in another context, such as a request for appellate sanctions.  See Formica v. Malone & Assocs., Inc., 907 F.2d 397, 400 (2d Cir. 1990) ("Since we . . . do not find [the] appeal to be frivolous, we deny [the] motion to dismiss the

the correct resolution of an appeal seems obvious is required. See Utica Mut. Ins. Co. v. Fireman's Fund Ins. Cos., 748 F.2d 118, 119-20 (2d Cir. 1984) (concluding that "the district court was clearly correct," but refusing to award costs and fees for defending the appeal because "the appeal is not frivolous"); United States v. Gironda, 283 F.2d 911, 912 (2d Cir. 1960) (per curiam) (denying government's motion to dismiss appeal as frivolous even though claim on appeal was for deprivation of right to choice of counsel and it was "clear" that defendant was "thoroughly and effectively represented" such that "he was not deprived of counsel"); see also Bobula v. United States Dep't of Justice, 970 F.2d 854, 862 (Fed. Cir. 1992) (appeal not frivolous despite "clear deficiencies"); United States v. Hodges, 190 F. App'x 221, 222 (4th Cir.) (per curiam) (summary affirmance only appropriate in "extraordinary cases") (internal quotation marks omitted), cert. denied, 549 U.S. 1014 (2006); Legal Servs. of N. Cal., Inc. v. Arnett, 114 F.3d 135, 141 (9th Cir. 1997) (appeal not frivolous despite plaintiffs' knowledge "that their position was unsupported by existing precedent"). Easy cases are to be distinguished from inarguable or fanciful ones. Cf. United States v. Potamkin Cadillac Corp., 689 F.2d 379, 381 (2d Cir. 1982) (per curiam) (concluding that appeal was "frivolous" where

appeal and to impose appellate sanctions." (internal citation omitted)). We see no reason to give any indication to the contrary here, but as we note in the text below, the importance of a criminal defendant's right to appeal does require extreme care in deciding that an appeal is "frivolous" where such a decision would short-circuit a criminal appeal.

8

it "amount[ed] to little more than a continued abuse of process" and "[was] totally lacking in merit, framed with no relevant supporting law, conclusory in nature, and utterly unsupported by the evidence" (internal quotation marks and citation omitted)); Der-Rong Chour v. I.N.S., 578 F.2d 464, 467 (2d Cir. 1978) (granting government's motion for summary affirmance where appeal "appears to represent one more step in an outrageous abuse of civil process through persistent pursuit of frivolous and completely meritless claims"), cert. denied, 440 U.S. 980 (1979).

When granting summary affirmance on grounds that a criminal appeal is frivolous, we have emphasized "the need to exercise this authority with care and discrimination to ensure that nonfrivolous claims are fully considered and fairly decided." Pillay v. I.N.S., 45 F.3d 14, 17 (2d Cir. 1995) (per curiam). We have "caution[ed] the bar that overreaching attempts to dismiss appeals as frivolous, like excessively zealous claims that adversary counsel should be sanctioned, will not be accorded a friendly reception by this court." Id. "[W]e must exercise great care in labeling a certain action or argument as frivolous, for doing so often carries grave consequences." Tafari, 473 F.3d at 441.

II. Procedural Reasonableness

We are not persuaded that Davis's appeal is frivolous. It rests on neither fanciful allegations of fact nor inarguable assertions of law. In asserting that his sentence is procedurally unreasonable, Davis essentially proffers a close

9

reading of the language used by the district court in explaining its decision not to impose a sentence below the Guidelines range. The district court said that it found "no reason" to give a below-Guidelines sentence; Davis infers from the district court's language that it was operating from the presumption that a Guidelines sentence would be reasonable. According to Davis, the district court's choice of words implied that it thought it needed an affirmative reason to stray from the Guidelines, whereas it needed no reason to impose a Guidelines sentence because a Guidelines sentence is presumed to be reasonable.[4]

We of course express no view at this time as to whether this interpretation is correct -- the central point we are making, after all, is that we will reach no such view without completion of the appeal process. We conclude only that Davis's position is not inarguable nor totally devoid of support. Arguments to the effect that the position advanced by Davis is

---

[4] The government distinguishes this case from United States v. Valdez, 277 F. App'x 106 (2d Cir. 2008), a non-precedential decision in which we inferred from the district court's observation that "unless I find something in [18 U.S.C. §] 3553 which justifies me not accepting what Congress has deemed to be an appropriate punishment for this offense, I really don't have any discretion," id. at 107, that the court mistakenly presumed the Sentencing Guidelines to be reasonable and thereby committed procedural error. Accepting for purposes of this motion the government's argument that the inference of procedural error was easier to draw from the district court's language in Valdez than it is from the district court's language in this case, that hardly establishes this appeal as frivolous. Davis's argument is not that Valdez controls this case, but that Valdez provides an example of the same kind of procedural error that Davis attributes to the district court here.

clearly wrong belong in an opposition brief.[5]  We therefore deny the motion for summary affirmance.

### III.  Substantive Unreasonableness

Our conclusion on the procedural unreasonableness claim alone requires us to deny the government's motion to dismiss Davis's appeal.  We observe nonetheless that his argument that his sentence is substantively unreasonable is also not frivolous. Davis correctly identifies the district court's obligation to consider the history and characteristics of the defendant under 18 U.S.C. § 3553(a), and points to specific aspects of his history and character and specific circumstances of his conviction that he believes make a sentence of 97 months' imprisonment substantively unreasonable.  His argument that the sentence imposed by the district court reflects an insufficient consideration of these factors, whatever its ultimate merit, is not so completely baseless as to be frivolous.  Cf., e.g., United States v. Amezcua-Vasquez, 567 F.3d 1050, 1055 (9th Cir. 2009) (finding Guidelines sentence to be substantively unreasonable because it "fails properly to reflect § 3553(a) considerations") (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).

In arguing for dismissal of the appeal, the government stresses the deference we employ in reviewing a district court's

---

[5]  The government argues that because Davis did not raise the procedural error argument before the district court, that argument should be analyzed under the "plain error" standard of review.  See, e.g., United States v. Savarese, 404 F.3d 651, 656 (2d Cir. 2005).  But if the district court did presume the reasonableness of a Guidelines sentence, it would not be frivolous to argue that such an error constituted plain error.

determination of an appropriate sentence.  We review sentences for reasonableness, and in evaluating the reasonableness of a sentence we do indeed apply a deferential abuse-of-discretion standard.  See Johnson, 567 F.3d at 51 ("'[W]e will not substitute our own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case' and [ ] the substantive determination of a District Court will be set aside only in those special cases where the range of permissible decisions does not encompass the District Court's determination." (quoting United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc))). And "[w]here an appeal challenges actions or findings of the district court to which an appellate court gives deference by judging under an abuse of discretion or clearly erroneous standard, the court is more likely to find that the appellant's arguments are frivolous."  Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 407 (1990) (internal quotation marks and citation omitted);[6] see also id. ("[B]ecause the district court has broad discretion to impose Rule 11 sanctions, appeals of such sanctions may frequently be frivolous.").

But we do have the duty to examine the substance of the sentence and to "patrol the boundaries of [the] reasonableness," Cavera, 550 F.3d at 191, of the district court's exercise of

---

[6] It bears noting that in Cooter the Supreme Court was discussing what standard of review should be applied to an appeal of Rule 11 sanctions; it was not discussing appeals from sentences or criminal appeals of any kind.  Indeed, Cooter did not concern the question of whether an appeal was frivolous.

discretion in this regard. Strong deference to a district court's decision is not an invitation to rush to characterize an appeal from it as frivolous. See, e.g., Argo Marine Sys., Inc. v. Camar Corp., 755 F.2d 1006, 1015 (2d Cir. 1985) (declining to find appeal of sanctions frivolous, even though decision to award sanctions had been "subject to the sound discretion of the district court").

True, as the government argues, Davis has already raised before the district court the same factors he now asserts dictated a lower sentence -- his age, his poor health, and the fact that he never distributed or traded in child pornography. But that they were raised and considered obviously does not make them frivolous. That is what we ordinarily do: review matters that were raised before the district court but decided in a way that the appellant urges us was wrong.

The government also argues that under the Sentencing Guidelines, age and health concerns ordinarily do not mandate a downward departure, and the circumstances of the offense have already been adequately accounted for in the calculation of Davis's Guidelines offense level. That misses the point. Davis's contention is not that the district court or the Probation Department miscalculated the Guidelines range, but that a Guidelines sentence was unreasonable in this case because of certain factors that were appropriate to consider under section 3553(a).

13

The government points out that we have "recognize[d] that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." United States v. Fernandez, 443 F.3d 19, 27 (2d Cir. 2006). But even as we recognized that, we "expressed a commitment to avoid the formulation of per se rules to govern our review of sentences for reasonableness." Id. The government has not shown that it is frivolous to argue that this case is an exception to the "overwhelming majority of cases." It will have the opportunity to show that such an argument lacks merit in the ordinary course of this appeal.

**CONCLUSION**

For the foregoing reasons, we denied the government's motion for summary affirmance. The Clerk is directed to set a briefing schedule for the government to file an opposition brief and for Davis to file a reply if he so chooses.

14