Singh v. Sessions

BIA
Christensen, IJ
A201 273 523

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of February, two thousand seventeen.

PRESENT:
　　　　ROBERT A. KATZMANN,
　　　　　　*Chief Judge,*
　　　　BARRINGTON D. PARKER,
　　　　DENNY CHIN,
　　　　　　*Circuit Judges.*
_____

KULDIP SINGH,
　　　　*Petitioner,*

　　　　v.　　　　　　　　　　　　　　　　**15-3798**
　　　　　　　　　　　　　　　　　　　　　**NAC**
JEFF SESSIONS, UNITED STATES
ATTORNEY GENERAL,
　　　　*Respondent.**
_____

| | |
|---|---|
| **FOR PETITIONER:** | Amy Nussbaum Gell, Gell & Gell, New York, N.Y. |
| **FOR RESPONDENT:** | Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Civil Division; Anthony C. Payne, Assistant Director; Janette L. Allen, Senior Litigation Counsel, |

---

* Pursuant to Fed. R. Civ. P. 25(d) Attorney General Jeff Sessions is substituted for former Attorney General Loretta E. Lynch, as respondent.

Office of Immigration Litigation, Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Kuldip Singh, a native and citizen of India, seeks review of an October 26, 2015, decision of the BIA affirming a December 3, 2013, decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Kuldip Singh,* No. A201 273 523 (B.I.A. Oct. 26, 2015), *aff'g* No. A201 273 523 (Immig. Ct. N.Y. City Dec. 3, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Rather than file a brief, the Government has moved for summary denial. Because summary denial is reserved for frivolous cases, *see United States v. Davis*, 598 F.3d 10, 13-14 (2d Cir. 2010), we deny the motion because we find Singh's arguments not frivolous. Nonetheless, considering the Government's motion as its brief, we have reviewed the petition on the merits and, as discussed below, conclude that the IJ's adverse credibility determination is supported by substantial evidence.

Under the circumstances of this case, we review both the IJ's and the BIA's decision "for the sake of completeness." *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

The agency may, "[c]onsidering the totality of the circumstances," base an adverse credibility determination on inconsistencies in an asylum applicant's statements and other record evidence. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

The agency reasonably relied on inconsistencies between Singh's testimony and other evidence of record. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). First, there were inconsistencies between a letter Singh submitted from his political party and his application and testimony. The letter reported that Singh had been persecuted by the Punjab police, but Singh did not include that fact in his application and denied it during his testimony. The IJ was not required to credit Singh's explanations because they did not resolve the inconsistencies. *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

3

Second, as the IJ found, the record reflects several inconsistencies and omissions regarding Singh's alleged beating in June 2010. A letter from Singh's uncle stated that he witnessed Singh's June 2010 attack, but Singh testified otherwise. Singh's written statement and letters from his family omitted the assertion he was hospitalized for ten days following that attack, while he testified to that fact and submitted a medical document to support his testimony. Singh's application stated that party and family members filed a police report after the June 2010 attack, but neither the party letter nor the letter from Singh's father mentioned any such report. The agency also reasonably found that Singh's medical documentation was of questionable value given an internal inconsistency in the letter. *See Xiu Xia Lin*, 534 F.3d at 167 (holding that "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible" (quoting 8 U.S.C. § 1158(b)(1)(B)(iii))).

Third and finally, it was reasonable for the agency to find that Singh's inaccurate testimony as to the political situation in India supported an adverse credibility finding. *Cf. Rizal v. Gonzales,* 442 F.3d 84, 90–91 (2d Cir. 2006) (holding that lack of doctrinal knowledge may undermine credibility when

4

petitioner has testified to facts that support a conclusion that he should have such knowledge). Despite claiming to be an active member of a political party, Singh misidentified the leader of a political party that he claimed to fear. Given that Singh's claim was based on harm stemming from his political activities, it was reasonable for the agency to rely on his lack of knowledge of basic political facts.

Given the multiple discrepancies that called both the testimony and corroborating evidence into question, the agency reasonably concluded that Singh was not credible. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all of the claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, Respondent's motion for summary denial is DENIED, but construing the motion as Respondent's brief, the petition for review is DENIED on the merits. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.

Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk