Singh v. Barr

BIA
Schoppert, IJ
A 200 905 510

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of November, two thousand twenty.

PRESENT:
 DENNIS JACOBS,
 DENNY CHIN,
 JOSEPH F. BIANCO,
  *Circuit Judges.*

_____

KULVIR SINGH,
 *Petitioner,*

 v.                                          18-3814
                                             NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
 *Respondent.*

_____

FOR PETITIONER:          Mona Liza F. Lao, Esq., New York, NY.

FOR RESPONDENT:          Jeffrey Bossert Clark, Acting Assistant Attorney General; Erica B. Miles, Senior Litigation

Counsel; Imran R. Zaidi, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Kulvir Singh, a native and citizen of India, seeks review of a November 30, 2018 decision of the BIA affirming an October 3, 2017 decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Kulvir Singh,* No. A 200 905 510 (B.I.A. Nov. 30, 2018), *aff'g* No. A 200 905 510 (Immig. Ct. N.Y. City Oct. 3, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Rather than file a brief, the Government has moved for summary denial. We deny the motion because summary denial is reserved for frivolous cases. *See United States v. Davis*, 598 F.3d 10, 13-14 (2d Cir. 2010). However, we construe that motion as the Government's brief and deny the petition on the merits because, as discussed below, the adverse credibility

2

determination is supported by substantial evidence.

We have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination for substantial evidence).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . , without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008);

*accord Hong Fei Gao*, 891 F.3d at 76.

The agency properly considered that Singh omitted from his asylum application that he lived in Jordan for two years. In his application, Singh reported that he lived in India continuously from 1983 (when he was born) to 2013 (when he left for the United States), despite a question instructing him to provide all addresses for the past five years. In his accompanying written statement and in a supplemental statement submitted prior to his hearing, he did not mention living in Jordan. On cross-examination, however, he stated that he fled to Jordan from India for two years starting in 2009 because of unspecified "threats" (presumably from the Congress Party). *See* Certified Administrative Record ("CAR") at 146-47. When asked why he failed to mention his time in Jordan in his asylum application, he said that question was not asked, *see* CAR at 147, but this explanation did not resolve the discrepancy because the application requires a list of prior residences, *see Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-

4

finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

While the agency may err if it relies too heavily on minor omissions (at least where the omitted information would have supplemented, rather than contradicted, earlier statements), the agency did not err here because the omission related to Singh's central claim that he was afraid of the Congress Party. *See Ming Zhang v. Holder*, 585 F.3d 715, 726 (2d Cir. 2009) (holding that the agency may "draw an adverse inference about petitioner's credibility based, *inter alia*, on h[is] failure to mention" important details or events in prior statements). And it was reasonable to expect Singh to include the fact that he fled the country because of threats, as that fact goes both to his subjective fear and the severity of the threats. *See Hong Fei Gao*, 891 F.3d at 78 (holding that "the probative value of a witness's prior silence on particular facts depends on whether those facts are ones the witness would reasonably have been expected to disclose").

Relatedly, Singh's testimony was inconsistent with his credible fear interview as to why he moved to Jordan. Singh never mentioned living in Jordan when providing direct

5

testimony, and on cross-examination, he told the Department of Homeland Security that he went to Jordan to escape unspecified "threats." *See* CAR at 146–47. But at a credible fear interview a few weeks after he entered the United States, he stated that he went to Jordan to work. Singh had no compelling explanation for this inconsistency and simply repeated both facts, that he received threats and went to Jordan to work. *See Majidi*, 430 F.3d at 80. He never specified who threatened him, how often he was threatened, and what the threats were.

Having questioned Singh's credibility, the agency reasonably relied on his failure to rehabilitate his testimony with reliable corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The agency did not err in declining to afford significant weight to letters from Singh's family members, fellow Mann Party members, neighbor, and doctor because the family members were

6

interested parties and none of the authors was available for cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013) (holding that weight of evidence is within the agency's discretion and deferring to agency's decision to afford little weight to spouse's letter); *see also In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (finding that unsworn letters from alien's friends and family were insufficient support for alien's claims because they were from interested witnesses not subject to cross-examination), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).

Accordingly, given Singh's omission of the two years he spent in Jordan from his asylum application and the inconsistency between statements at his credible fear interview (that he went to Jordan to work) and his testimony (that he went there to escape threats), as well as the lack of specific information about the alleged threats or reliable corroboration of his claims, we defer to the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167; *see also Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that even a single

7

inconsistency is sufficient to support an adverse credibility determination if it is material and relates to "an example of the very persecution from which" the applicant seeks relief). The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief were based on the same discredited factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court