Malla v. Garland

BIA
Laforest, IJ
A205 030 951

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of August, two thousand twenty-two.

PRESENT:
 GUIDO CALABRESI,
 RICHARD J. SULLIVAN,
 BETH ROBINSON,
  *Circuit Judges.*

_____

SONU MALLA,
  *Petitioner*,

 v.                                             20-2597
                                                NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
  *Respondent.*

_____

FOR PETITIONER:          Khagendra Gharti-Chhetry, New
                         York, NY.

FOR RESPONDENT:          Brian Boynton, Acting Assistant
                         Attorney General; Julie M.
                         Iversen, Senior Litigation

Counsel; Kathryn M. McKinney, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Sonu Malla, a native and citizen of Nepal, seeks review of a July 7, 2020, decision of the BIA affirming a May 3, 2018, decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sonu Malla,* No. A 205 030 951 (B.I.A. July 7, 2020), *aff'g* No. A 205 030 951 (Immig. Ct. N.Y. City May 3, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

In lieu of filing a responsive brief, the Government moves for summary denial. A summary ruling without "full merits briefing . . . is, and should be treated as, a rare exception to the completion of the appeal process . . . . that is available only if an appeal is truly frivolous." *United States v. Davis*, 598 F.3d 10, 13 (2d Cir. 2010)

(quotation marks omitted); *see also Pillay v. INS*, 45 F.3d 14, 16–17 (2d Cir. 1995). Nevertheless, because petitioner has filed a brief on the merits in addition to an opposition to the Government's motion, we may construe the Government's motion as its brief and deny the petition on the merits rather than determine if the petition is frivolous.

We have considered the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We review adverse credibility determinations for substantial evidence, *see Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). The IJ may, "[c]onsidering the totality of the circumstances," base a credibility determination on inconsistencies in an applicant's statements or between her statements and other evidence, "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). We "defer . . . to an IJ's [adverse] credibility determination unless, from the

3

totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the adverse credibility determination.

Malla alleged that Maoists threatened and assaulted her because of her work for a Christian organization and her political activities. The IJ reasonably relied on Malla's omission of material allegations from her original written statement. *See Xiu Xia Lin*, 534 F.3d at 167 (holding that agency may rely on inconsistencies or omissions). That original statement did not mention (1) her membership in the Nepali Student Union and the Nepali Congress Party ("NCP"), (2) her persecution on account of her political activities, or (3) an assault by Maoists. The IJ did not err in relying on these omissions because Malla failed to mention the most central aspects of her asylum claim, including the specific political groups to which she allegedly belonged and the May 15, 2009 incident that constituted the most severe of her allegations of past harm. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Hong Fei Gao*, 891 F.3d at 78 (explaining that the "probative

4

value of a witness's prior silence on particular facts depends on whether those facts are ones the witness would reasonably have been expected to disclose").  The IJ was not required to credit Malla's explanation that she did not have an attorney when she prepared the original application given the materiality of the omissions.  *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for h[er] inconsistent statements to secure relief; [s]he must demonstrate that a reasonable fact-finder would be *compelled* to credit h[er] testimony." (quotation marks omitted)).

The IJ also reasonably relied on inconsistencies between Malla's testimony and a letter from an NCP official regarding her family's farmland.  Malla testified that her family had to sell the land to pay for her father's medical treatments, but a letter from the president of an NCP District Committee stated that the Maoists had taken over the land.  The record contradicts Malla's argument that she testified consistently on this point: she initially testified that the family sold the land to pay medical bills, and she did not mention that Maoists took the land until she was asked to explain the

5

discrepancy between her testimony and the letter.  The IJ was not required to accept Malla's explanation that the Maoists took some land *and* her family sold some land given that her asylum claim was based on a fear of Maoists.  *Id.*

Finally, the IJ did not err by giving diminished weight to letters from Malla's friend, husband, fellow volunteer, and NCP officials because the authors were not subject to cross-examination.  *See Y.C. v. Holder*, 741 F.3d 324, 332–34 (2d Cir. 2013) (holding that "[w]e generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence" and upholding agency's decision not to credit a letter from the applicant's spouse).  Moreover, these letters do not rehabilitate Malla's claim because the authors did not have personal knowledge of her alleged harm, and the letter about the land seizure was inconsistent with her testimony.  *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question.").

6

Given the inconsistencies, omissions, and lack of reliable corroboration, the agency's adverse credibility determination is supported by substantial evidence. *See Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang*, 496 F.3d at 273. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7