Fernandez-Leon v. Bondi

BIA
Drucker, IJ
A220 545 447/448/449

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of March, two thousand twenty-five.

PRESENT:
> RICHARD C. WESLEY,
> RAYMOND J. LOHIER, JR.,
> BETH ROBINSON,
> > *Circuit Judges.*

_____

RENE FABIAN FERNANDEZ-LEON,
KATHERINE ALEJANDRA
GUAMANTARIO-CHUQUIMARCA,
A.S. F-G,
> *Petitioners,*

v.

PAMELA BONDI, UNITED STATES

23-7237
NAC

**ATTORNEY GENERAL,**[*]
     *Respondent.*

_____

FOR PETITIONERS:          Michael Joseph Segreto, Segreto Law Offices, P.C., Peekskill, NY.

FOR RESPONDENT:          Brian M. Boynton, Principal Deputy Assistant Attorney General; Walter Bocchini, Janice K. Redfern, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Rene Fabian Fernandez-Leon, Katherine Alejandra Guamantario-Chuquimarca, and their minor daughter, natives and citizens of Ecuador, seek review of a September 6, 2023 decision of the BIA affirming a March 14, 2022 decision of an Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Rene Fabian Fernandez-Leon*, Nos. A220 545 447/448/449 (B.I.A. Sept.

---

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Pamela Bondi is automatically substituted for former Attorney General Merrick B. Garland as Respondent. Because petitioner A.S. F-G is a minor, the Clerk of Court is directed to amend the caption as set forth above.

6, 2023), *aff'g* Nos. A220 545 447/448/449 (Immigr. Ct. N.Y.C. Mar. 14, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

In lieu of filing a brief, the Government moves for summary denial of the petition for review. Because summary denial is a "rare exception to the completion of the appeal process" and "is available only if an appeal is truly frivolous," *United States v. Davis*, 598 F.3d 10, 13 (2d Cir. 2010) (internal quotation marks and citation omitted), and because the Petitioners have filed their brief, we construe the Government's motion as its brief and consider the merits of the petition. We deny the petition because the Petitioners did not identify a cognizable social group or show that the Ecuadorian government will more likely than not acquiesce to their torture by gang members.

We have reviewed both the IJ's and the BIA's decisions. *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's factual findings for substantial evidence and its legal conclusions de novo. *See Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

## I. Asylum and Withholding of Removal

An asylum applicant has "[t]he burden . . . to establish that . . . . race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i). An applicant has the burden to show a nexus between the harm suffered or feared and the protected ground, and where, as here, the asserted ground is membership in a particular social group, the applicant must establish that the proposed group is cognizable, i.e., that it is "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Paloka*, 762 F.3d at 196 (quoting *In re M–E–V–G–*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014)). Particularity requires that the group be "defined by characteristics that provide a clear benchmark for determining who falls within the group" and that membership not be "amorphous, overbroad, diffuse, or subjective." *Id.* Social distinction requires that "society as a whole views a group as socially distinct." *Id.* "Persecutory conduct aimed at a social group cannot alone define the group, which must exist independently of the persecution." *Id.*

The Petitioners have not shown error in the agency's conclusion that their

4

proposed group of "Ecuadorian families who openly resist gang threats" was not socially distinct. As noted above, the Petitioners had to show that "society as a whole views [the] group as socially distinct." *Id.* Although the Petitioners rejected gang members' demands and there is generalized country condition evidence of widespread violence, there was no evidence that society views families who reject gang members' demands as socially distinct. *Hernandez-Chacon v. Barr*, 948 F.3d 94, 102 (2d Cir. 2020) (finding proposed group of women who rejected gang members' advances not cognizable as there was no evidence that the group was perceived as distinct from anyone else who resisted gang demands); *Paloka*, 762 F.3d at 196.

Separately, the Petitioners' claim that gang members targeted them because they reported incidents to the police is unsupported, as they reported only the third incident to the police and the threats after that report were not different or more severe than those that preceded the report. Moreover, the Petitioners testified that the gang members threatened them to obtain money. "When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group' within the meaning of the

5

[Immigration and Nationality Act]." *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007).

Lastly, the Petitioners' argument that the agency failed to consider whether the Department of Homeland Security rebutted the presumption of future persecution misses the mark, as the Petitioners' failure to establish a cognizable social group is dispositive of asylum and withholding of removal. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A).

## II. CAT

To be eligible for CAT relief, applicants have the burden to show that they will "more likely than not" be tortured by or with the acquiescence of government officials. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). "[A]n alien will never be able to show that he faces a more likely than not chance of torture if one link in the chain cannot be shown to be more likely than not to occur. It is the likelihood of all necessary events coming together that must more likely than not lead to torture, and a chain of events cannot be more likely than its least likely link." *Savchuck v. Mukasey*, 518 F.3d 119, 123 (2d Cir. 2008). "In assessing whether it is more likely than not that an applicant would be tortured . . . all evidence relevant to the possibility of future torture shall be considered, including, but not limited to":

6

"[e]vidence of past torture," an applicant's ability to relocate within the country, "[e]vidence of gross, flagrant or mass violations of human rights within the country of removal," and "[o]ther relevant information regarding conditions in the country of removal." 8 C.F.R. § 1208.16(c)(3).

Substantial evidence supports the agency's conclusion that the Petitioners failed to establish that the government would more likely than not consent or acquiesce to their torture by gang members. *See Quintanilla-Mejia v. Garland*, 3 F.4th 569, 592–93 (2d Cir. 2021) (applying substantial evidence review to determinations of likelihood of torture and acquiescence). The Petitioners sought police assistance after one incident and testified that the police seemed angry and upset and did not help them. While this provides some evidence, and the "failure to ask for police help" after the other incidents "is not enough, by itself, to preclude a finding of acquiescence," *see id.* at 593, country conditions evidence that Ecuadorian authorities are trying to combat gang violence supports the agency's conclusion that the Petitioners failed to demonstrate that the government would more likely than not consent or acquiesce to their torture by gang members. More specifically, the country conditions evidence reflects that authorities are attempting to stop illegal gang activities by seizing drugs and asking the

7

legislature for more effective means of combating gang violence. Certified Admin. Record at 258–60. Moreover, while the 2020 State Department Report discusses an increase of gang violence within Ecuadorian prisons, it also notes that Ecuador declared a state of emergency and deployed more officers to combat the uptick in violence. *Id.* at 279–81. The Petitioners do not identify evidence that was overlooked, and the country conditions evidence does not compel a conclusion that the authorities will acquiesce to their torture. *See Quintanilla-Mejia*, 3 F.4th at 593–94 ("[S]ubstantial evidence review does not contemplate any judicial reweighing of evidence. Rather, it requires us to ask only whether record evidence compelled an acquiescence finding different from that reached by the agency.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8