*Cui v. Bondi*

BIA
Navarro, IJ
A208 092 712/713

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of June, two thousand twenty-five.

PRESENT:
> PIERRE N. LEVAL,
> SARAH A. L. MERRIAM,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

HENGJIN CUI, MEIHONG HANG,
> *Petitioners,*

> v.                                                                                 **23-6699**

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONERS:                    Theodore N. Cox, New York, NY.

FOR RESPONDENT:                    Brian M. Boynton, Assistant Attorney
                                   General; Anna E. Juarez, Senior Litigation
                                   Counsel; Lynda A. Do, Trial Attorney, Office
                                   of Immigration Litigation, United States
                                   Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Hengjin Cui and Meihong Hang, natives and citizens of the People's Republic of China, seek review of a May 31, 2023, decision of the BIA affirming a July 11, 2019, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Hengjin Cui, Meihong Hang*, Nos. A208 092 712/713 (B.I.A. May 31, 2023), *aff'g* Nos. A208 092 712/713 (Immig. Ct. N.Y. City July 11, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

The Government moves for summary denial of the petition for review. Summary denial is a "rare exception to the completion of the appeal process" and "is available only if an appeal is truly frivolous." *United States v. Davis*, 598 F.3d 10, 13 (2d Cir. 2010) (quotation marks and citation omitted). Furthermore, Petitioners have filed their merits brief; the merits have been fully presented.

2

Accordingly, we construe the Government's motion as its brief and proceed to review the merits of the petition. We conclude that substantial evidence supported the agency's adverse credibility finding and deny the petition on that ground.

"[W]e review the judgment of the IJ as modified by the BIA's decision." *Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review the agency's adverse credibility determination "under the substantial evidence standard." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless,

3

from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Petitioners assert that family planning officials forced Hang to terminate a pregnancy in 2005; police beat Cui when he was detained for attempting to hit a family planning official; and a gang kidnapped and beat Cui for complaining about conditions at a government worksite. Substantial evidence supports the agency's determination that Petitioners were not credible.

The agency reasonably relied on Petitioners' inconsistent testimony regarding when Hang's IUD was removed, and whether Petitioners paid someone to remove the device; whether Hang was involuntarily sterilized; and whether Hang was conscious during the 2005 forced abortion. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude [a noncitizen] from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). Despite numerous opportunities to explain these inconsistencies, Petitioners did not compellingly do so. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible

4

explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be compelled to credit his testimony." (quotation marks and citation omitted)).

The agency also reasonably relied on Petitioners' failure to rehabilitate their testimony with reliable corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). As the agency found, Petitioners submitted identity documents and a certificate from a hospital stating that Hang had an abortion but did not provide evidence to corroborate that the abortion was forced. Nor did they provide evidence corroborating that Cui had been beaten. Hang testified inconsistently about whether her mother had written a corroborating letter and why her mother had not done so, and contrary to Petitioners' contention, the agency was not required to consider whether such a letter was reasonably available because that requirement only "pertains when the IJ or BIA cites inadequate corroboration as a basis for denying relief to an applicant who is *otherwise credible*." *Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 341 (2d Cir. 2006)

(quotation marks and citation omitted).

The inconsistencies and the lack of corroboration provide substantial evidence supporting the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao*, 968 F.3d at 145 n.8; *Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang*, 496 F.3d at 273. The adverse credibility determination is dispositive because Petitioners' claims for asylum, withholding of removal, and protection under the CAT are based on the same factual predicate. *See Hong Fei Gao*, 891 F.3d at 76 ("Where the same factual predicate underlies a petitioner's claims for asylum, withholding of removal, and protection under the CAT, an adverse credibility determination forecloses all three forms of relief.").

For the foregoing reasons, the Government's motion for summary denial is construed as its brief, and the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6