Li-Zhen v. Garland

BIA
Parchert, IJ
A087 455 715

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of September, two thousand twenty-two.

PRESENT:
  GERARD E. LYNCH,
  MICHAEL H. PARK,
  BETH ROBINSON,
   *Circuit Judges.*

_____

LI-ZHEN OU YANG,
  *Petitioner*,

  v.         **20-3446**
               **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
  *Respondent.**

_____

FOR PETITIONER:    Yevgeny Samokhleb, Esq., New York, NY.

---

 \* The Clerk of Court is respectfully directed to amend the caption as set forth above.

**FOR RESPONDENT:** Brian Boynton, Acting Assistant Attorney General; Julie M. Iversen, Senior Litigation Counsel; Jessica R. Lesnau, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Li-Zhen Ou Yang, a native and citizen of the People's Republic of China, seeks review of a September 11, 2020 decision of the BIA affirming a May 21, 2018 decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ou Yang Li-Zhen,* No. A 087 455 715 (B.I.A. Sept. 11, 2020), *aff'g* No. A 087 455 715 (Immigr. Ct. N.Y.C. May 21, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

In lieu of filing a brief, the Government moves for summary denial of Ou Yang's petition for review. Summary denial is "a rare exception to the completion of the appeal process" and is available only if an appeal is "truly

2

'frivolous.'" *United States v. Davis,* 598 F.3d 10, 13 (2d Cir. 2010)(citation omitted). A claim is frivolous if it is based on an "inarguable legal conclusion" or "fanciful factual allegation." *Pillay v. INS*, 45 F.3d 14, 16 (2d Cir. 1995); *see also Neitzke v. Williams,* 490 U.S. 319, 329 (1989) (recognizing that "not all unsuccessful claims are frivolous"). Ou Yang has filed her brief, so rather than determining whether the petition exceeds the low bar for non-frivolousness, we construe the Government's motion as its brief and deny the petition on the merits.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review adverse credibility determinations for substantial evidence, *see Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and treat the agency's findings of fact as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or

3

witness, the inherent plausibility of the applicant's . . . account, the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Substantial evidence supports the agency's determination that Ou Yang was not credible as to her claim of a forced abortion. The IJ found it implausible that family planning authorities discovered Ou Yang's pregnancy just weeks after she became aware of it. This finding is "tethered" to the record because Ou Yang stated that she discovered her pregnancy through a home test, she was only two months along

4

when she alleged authorities forced her to have an abortion, and she had told only her parents about the pregnancy. *See Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007) (explaining that we defer to an IJ's inference where it is "made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience").

Ou Yang's remaining testimony and evidence either did not rehabilitate or further undermined her credibility. First, although she presented an abortion certificate, it did not reflect that the abortion was involuntary. And in any event, such certificates generally are issued to obtain time off work following voluntary abortions. *See Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir. 2006). Second, her testimony that family planning officials looked for her on one occasion after the abortion conflicted with her uncle's letter, which stated they looked for her twice, as well as her later testimony that the authorities came "many times." *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Finally, the adverse credibility determination is bolstered by the IJ's demeanor finding to which we give "particular deference" because "the

5

IJ's ability to observe the [applicant's] demeanor places [the IJ] in the best position to evaluate whether apparent problems in the . . . testimony suggest a lack of credibility or, rather, can be attributed to an innocent cause . . . ." *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005).

Taken cumulatively, the implausibility of Ou Yang's testimony, the inconsistencies in her evidence, and the demeanor finding provide substantial evidence for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. That determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the Government's motion for summary denial is construed as its brief and the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court