Subhani v. Garland

BIA
Loprest, IJ
A209 870 496

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

<u>**SUMMARY ORDER**</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of January, two thousand twenty-three.

PRESENT:
    DEBRA ANN LIVINGSTON,
        *Chief Judge*,
    BETH ROBINSON,
    MYRNA PÉREZ,
        *Circuit Judges.*

_____

JUNAID SUBHANI,
        *Petitioner*,

        v.                                        21-6172
                                                  NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:            Judy Resnick, Esq., Far Rockaway,
                           NY.

**FOR RESPONDENT:**    Brian M. Boynton, Acting Assistant Attorney General; Anthony P. Nicastro, Assistant Director; Jenny C. Lee, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Junaid Subhani, a native and citizen of Pakistan, seeks review of a March 1, 2021, decision of the BIA affirming a November 13, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Junaid Subhani*, No. A209 870 496 (B.I.A. Mar. 1, 2021), *aff'g* No. A209 870 496 (Immig. Ct. N.Y. City Nov. 13, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

In lieu of filing a brief, the Government moves for summary denial of Subhani's petition for review. Summary denial is a "rare exception to the completion of the appeal process" and "is available only if an appeal is truly frivolous." *United States v. Davis*, 598 F.3d 10, 13 (2d Cir.

2010) (quotation marks omitted).  A claim is frivolous if it is based on an "inarguable legal conclusion" or "fanciful factual allegation." *Pillay v. INS*, 45 F.3d 14, 16 (2d Cir. 1995) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).  However, "not all unsuccessful claims are frivolous." *Neitzke*, 490 U.S. at 329.  Subhani has filed his brief, so rather than determine whether the petition exceeds the low bar for non-frivolousness, we construe the Government's motion as its brief and deny the petition on the merits.

We have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006).  We review factual findings under a substantial evidence standard and review questions of law and the application of law to fact de novo. *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B).

An applicant for asylum or withholding of removal must establish past persecution or a fear of future persecution and that a protected ground "was or will be at least one central reason for persecuting the applicant."  8 U.S.C.

3

§ 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b)(1), (2); *Quituizaca v. Garland*, No. 19-3470, 52 F.4th 103 (2d Cir. Nov. 1, 2022). The applicant must provide direct or circumstantial evidence of the persecutor's motives. *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (requiring "*some* evidence" of motive, "direct or circumstantial").

We conclude that substantial evidence supports the agency's denial of asylum and withholding of removal on nexus grounds. *See Edimo-Doualla v. Gonzales*, 464 F.3d 276, 282–83 (2d Cir. 2006) (applying substantial evidence standard to nexus determination). While the protected ground need not be the sole reason for the harm, *see Acharya v. Holder*, 761 F.3d 289, 297–98 (2d Cir. 2014), it "cannot play a minor role in the [noncitizen's] past mistreatment or fears of future mistreatment. That is, it cannot be incidental, tangential, superficial, or subordinate to another reason for harm," *In re J-B-N- & S-M-*, 24 I. & N. Dec. 208, 214 (B.I.A. 2007). "Whether the requisite nexus exists depends on the views and motives of the persecutor." *Paloka v. Holder*, 762 F.3d 191, 196–97 (2d Cir. 2014) (quotation marks omitted). For example, to succeed on a political opinion claim, an

4

"applicant must . . . show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the applicant's political belief," *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005) (citing *Elias-Zacarias*, 502 U.S. at 482), or an opinion imputed to the applicant by the persecutor, regardless of whether or not this imputation is accurate, *see Chun Gao v. Gonzales*, 424 F.3d 122, 129 (2d Cir. 2005).

Subhani claimed that a relative killed his father for the family's land and because his father supported a rival political party, and that the same relative, along with his associates, targeted Subhani and other family members for contesting the land seizure and seeking justice for his father's murder. Subhani's testimony and documentary evidence do not compel a finding that the perpetrators targeted him to overcome or punish him for an imputed political opinion or membership in a particular social group or family. *See Yueqing Zhang*, 426 F.3d at 545; *see also Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. Rather, a reviewing court must defer to that choice so long

5

as the deductions are not illogical or implausible." (quotation marks and citation omitted)). Instead, the IJ could reasonably conclude that Subhani's testimony indicated that the individuals who targeted him and his family either wanted their land, i.e., that they targeted Subhani's family to increase their own wealth, or wanted to evade prosecution for killing his father. *See Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 74 (2d Cir. 2007) (rejecting claim based on perceived wealth and political opinion where putative persecutors had no "motive other than increasing their own wealth at the expense of the petitioners." (quotation marks omitted)); *Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999) ("general crime conditions are not a stated ground" for asylum). Subhani's documentary evidence does not compel a contrary result. His medical records and his father's death certificate do not touch on any potential reasons for his harm, and letters from his mother and another relative indicate that Subhani was attacked because of his efforts to hold his father's killers accountable under the law. Without more, the record does not compel a finding that a reason for Subhani's harm was an imputed political opinion or his membership in a particular social group. *See Yueqing Zhang*,

6

426 F.3d at 545 (requiring evidence of motive); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157–58 (2d Cir. 2008) ("[W]hen a petitioner bears the burden of proof, his failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's challenged decision.").

The nexus finding is dispositive of asylum and withholding of removal. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); *Quituizaca*, 52 F.4th at 107. Finally, Subhani failed to exhaust his CAT claim before the BIA. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 123 (2d Cir. 2007) ("usually . . . issues not raised to the BIA will not be examined by the reviewing court").

For the foregoing reasons, the Government's motion for summary denial is construed as its brief and the petition for review is DENIED. All other pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court