22-6388
Yang v. Garland

BIA
Zagzoug, IJ
A208 445 346

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of January, two thousand twenty-four.

PRESENT:
 SUSAN L. CARNEY,
 WILLIAM J. NARDINI,
 EUNICE C. LEE,
  *Circuit Judges.*
_____

HUANG YANG,
  *Petitioner*,

  v.                                                    **22-6388**
                                                        **NAC**
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
  *Respondent.*
_____

FOR PETITIONER:                Adedayo O. Idowu, Esq., New York, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Walter Bocchini, Senior Litigation Counsel; Monica M. Twombly, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Huang Yang, a native and citizen of the People's Republic of China, seeks review of a July 29, 2022 decision of the BIA affirming an October 23, 2018 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Huang Yang*, No. A 208 445 346 (B.I.A. July 29, 2022), *aff'g* No. A 208 445 346 (Immigr. Ct. N.Y.C. Oct. 23, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

In lieu of filing a brief, the government moves for summary denial of Yang's petition for review. Summary denial is a "rare exception to the completion of the appeal process" and "is available only if an appeal is truly frivolous." *United States v. Davis*, 598 F.3d 10, 13 (2d Cir. 2010) (internal quotation marks omitted). Yang has filed his brief, so rather than determining whether the petition meets the

standard for frivolousness, we construe the government's motion for summary denial as its brief and deny the petition on its merits.

We have reviewed both the IJ's and the BIA's decision, "including the portions [of the IJ's decision] not explicitly discussed by the BIA." *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). We review the agency's adverse credibility determination "under the substantial evidence standard." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other

3

relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Yang was not credible as to his claim that he was arrested, beaten, and detained by Chinese police because he attended an underground Christian church.

The record reflects multiple inconsistencies between Yang's statements at his credible fear interview, his testimony, and corroborating evidence about the arrest that is the sole basis of his claim of persecution. As an initial matter, Yang has not challenged the reliability of the credible fear interview. But even if he had, the agency did not err in relying on it. The agency may consider statements made in a credible fear interview when assessing an applicant's credibility so long as "the record of [the] credible fear interview displays the hallmarks of reliability." *Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009). The record displays those hallmarks: it contains a typewritten list of the questions posed and Yang's responses; the interview was conducted through an interpreter, and the record reflects that Yang understood the questions; the interpreter read Yang a

4

statement about the purpose of the interview, the importance of answering truthfully, and the importance for asking for clarification as needed; and the questions were "designed to elicit a potential basis for an asylum claim." *Id.* (quoting *Ramsameachire v. Ashcroft*, 357 F.3d 169, 181 (2d Cir. 2004)). Although Yang testified that he sometimes had trouble understanding the interpreter's meaning, he stated at the interview that he understood the interpreter, and his answers at the interview were responsive—confirming that he understood the questions.

The multiple inconsistencies between Yang's interview statements, his testimony, and corroborating letters provide substantial evidence for the adverse credibility determination. *See Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). The IJ identified inconsistencies relating to when Yang joined the church, the dates of physical harm, how he was beaten during a raid on the church, how many officers were at the raid, how many church members were arrested, how long he was detained, and the amount of bail paid. Review of the record confirms these inconsistencies.

Yang challenges the inconsistencies regarding when he joined the church and when the police physically abused him. The record confirms that he stated at his interview that he joined the church in May, but he testified at the hearing that it was March when his friend introduced him to the church and when he joined the church. As to the dates of physical abuse, on cross examination, Yang reverted to the dates from his interview, stating that he may have forgotten the dates given the time that had passed. The agency was not required to credit that explanation because he initially gave specific, but different dates. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)). Yang now argues that these inconsistencies are attributable to the specific questions asked at the interview; but this contradicts his explanation at the hearing that the dates he gave at the interview were correct. Moreover, the interviewer clearly distinguished between questions about threats and physical abuse. Yang has not challenged the remaining inconsistencies. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005) (noting that issues not sufficiently argued in a petitioner's brief "are

considered waived and normally will not be addressed on appeal"); *see also Shunfu Li v. Mukasey*, 529 F.3d 141, 146–47 (2d Cir. 2008) (noting that waived issues could support adverse credibility determination).

In addition to the inconsistencies, the adverse credibility determination is bolstered by Yang's lack of reliable corroboration. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The letters from Yang's mother and church friend were inconsistent with his interview statements or testimony, and he did not present testimony from his sister and parents who are living in the United States. *See Yan Juan Chen v. Holder*, 658 F.3d 246, 253–54 (2d Cir. 2011) (upholding agency's conclusion that applicant's husband's lack of immigration status did not render him unavailable to testify).

Given the multiple inconsistencies related to the alleged persecution and the lack of corroboration, substantial evidence supports the agency's adverse credibility determination. *See Likai Gao*, 968 F.3d at 145 n.8; *Biao Yang*, 496 F.3d at 273; *see also Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 294 (2d Cir. 2006)

("Where the IJ's adverse credibility finding is based on specific examples in the record of inconsistent statements . . . about matters material to [a] claim of persecution . . . , a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." (quoting *Zhou Yun Zhang v. INS*, 386 F.3d 66, 74 (2d Cir. 2004), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Just.*, 494 F.3d 296 (2d Cir. 2007)). The adverse credibility determination is dispositive because Yang's claims for asylum, withholding of removal, and CAT relief were all based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
